UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin L. White,<br>    Plaintiff, | CASE NO.:  2:25-cv-10791-BHH-MGB |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| Trident Technical College,<br>  Defendant. | |

## JURISDICTION AND PARTIES

1.   This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the South Carolina Payment of Wages Act.

2.   All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

  a.    A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

  b.    Notification of the Right to Sue was received from EEOC on or about May 19, 2025.

  c.    This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3.   The Plaintiff, Kevin L. White, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Charleston County, South Carolina.

4.   All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.   That, upon information and belief, the Defendant, Trident Technical College, is an entity organized and doing business in Charleston County, State of South Carolina.

6.   The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.   The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 11, 2023, the Plaintiff, African American, began working for the Defendant as a welding instructor.  The Plaintiff was efficient and effective in his work.

11. During the Plaintiff's employment with the Defendant, the Defendant began discriminating against Plaintiff by making derogatory and racist comments.

12. On or about September 22, 2023, Patrick, the maintenance man, called the Plaintiff "Nigger" under his breath, and when Plaintiff asked him to repeat what he said, so that he could confront and report, Patrick just ignored him.

13. The Plaintiff reported the discrimination and inappropriate behavior to his supervisor, George Greene, but nothing was done.

14. Later in or around September 2023, Patick began to interfere with the Plaintiff's work and would yell at Plaintiff stating that his students were not cleaning up properly, even though they were.  This went on for the remainder of Plaintiff's employment.

15. The Plaintiff continued to report the employment discrimination and inappropriate behavior to Mr. Greene, but again nothing was done.

16. On or about December 8, 2023, the Defendant retaliated against the Plaintiff for reporting the ongoing acts by terminating the Plaintiff's employment, and failed to stop the discrimination, preferential treatment, and inappropriate behavior.

17. Upon Plaintiff's termination, Defendant withheld Plaintiff's paycheck in whole or in part, without authority to do so.

18. Despite his reporting the inappropriate behavior, the Defendant did not take any action to resolve the problems.

19. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Racial Discrimination: Title VII

20. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

2

21. The Plaintiff is a member of a protected group on the basis of his race. The Plaintiff was retaliated against and terminated based on his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. The Defendant's stated reasons for preferential treatment, retaliation, and wrongful discharge were mere pretext, for the discrimination against the Plaintiff based on his race or color.

23. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ the Plaintiff due to his race or color;

   b. By treating other non-African American employees with preferential treatment; and

   c. In failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

24. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

25. The Defendant's wrongful actions constituted a violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

26. The aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

27. The Plaintiff's race and color were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.

28. As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

29. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

3

30. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

31. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

32. That as alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

33. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

35. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

36. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

37. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

38. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

39. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

40. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

41. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

42. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

43. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

44. The Defendant wrongfully withheld the Plaintiff's wages and the Defendant should be required to pay the Plaintiff for all wages owed to him, plus interest.

45. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## REQUEST FOR RELIEF

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

48. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.    Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. # 13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
August 14, 2025